```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

COSHANDA WILLIAMS                         CIVIL ACTION

VERSUS                                    NO: 13-5124

BAYER HEALTHCARE                          SECTION: "A" (5)
PHARMACEUTICALS, INC.
```

**ORDER**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 21)** filed by defendant Bayer HealthCare Pharmaceuticals, Inc. Plaintiff Coshanda Williams opposes the motion. The motion, noticed for submission on October 22, 2014, is before the Court on the briefs without oral argument.

Plaintiff filed this pharmaceutical products liability action against Bayer under the Louisiana Products Liability Act ("LPLA") alleging that the Mirena intrauterine birth control device injured her.[1] Bayer now moves for summary judgment contending that Plaintiff cannot establish causation for her injuries by a characteristic of an unreasonably dangerous product.[2] Trial in

---

[1] It appears that Plaintiff's complaints were temporary and that she did not sustain any permanent or long term injuries from the device. Of course, even a temporary injury can be considered "damage" under the LPLA.

[2] A prima facie case under the LPLA has four elements that the plaintiff must establish: 1) the defendant is a manufacturer of the product; 2) the plaintiff's damage was proximately caused by a characteristic of the product; 3) this characteristic made

1

this matter is scheduled for January 12, 2015.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions,

---

the product "unreasonably dangerous"; and 4) the plaintiff's damage arose from a reasonably anticipated use of the product. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002) (citing La. Rev. Stat. Ann. § 9:2800.54(A) (West 1997)).

and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court is persuaded that Plaintiff cannot prevail on her claims as a matter of law. First, the depositions of Plaintiff and her physician Dr. Newman, demonstrate that any claim based on a failure to warn is precluded by the learned intermediary doctrine.[3] Further, the evidence of record fails to create an issue of fact as to any other claim or theory under the LPLA.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 21)** filed by defendant Bayer HealthCare Pharmaceuticals, Inc. is **GRANTED** and Plaintiff's complaint is **DISMISSED** with prejudice.

October 31, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] Under Louisiana's learned intermediary doctrine, a drug manufacturer discharges its duty to warn consumers by reasonably informing the prescribing physician of the risks associated with the drug. *See Grenier v. Med. Eng'r Corp.*, 243 F.3d 200, 205 n.4 (5th Cir. 2001).